a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JOSUE MELQUISEDEC DIAZ CRUZ, Petitioner — CIVIL DOCKET NO. 1:26-CV-00316 SEC P

VERSUS — JUDGE JAMES D. CAIN, JR.

SCOTT LADWIG ET AL, Respondents — MAGISTRATE JUDGE PEREZ-MONTES

---

# MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Josue Melquisedec Diaz Cruz ("Diaz-Cruz"). ECF No. 1. Diaz-Cruz is an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana.

Diaz-Cruz is a native and citizen of Honduras who entered the United States without admission or parole in 2007. ECF No. 6-1 at 1. He was issued a Notice to Appear and detained on November 13, 2025. *Id.* According to the Executive Office for Immigration Review's online case information system, an immigration judge granted Diaz-Cruz voluntary departure on April 24, 2026, and his appeal remains pending.

Diaz-Cruz contends that his continued detention violates the Due Process Clause of the Fifth Amendment. ECF No. 7 at 3.

In *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the Fifth Circuit held that noncitizens who entered the United States without being admitted are applicants for admission subject to mandatory detention under 8 U.S.C. §

1225(b)(2)(A), rather than discretionary detention under § 1226(a), and therefore are not entitled to bond hearings. The court noted that the Department of Homeland Security retains discretion to parole applicants for admission, but only on a case-by-case basis for urgent humanitarian reasons or significant public benefit. *Id.* at 499 n.3. The Supreme Court has granted review of that statutory question. *Rhoney v. Barbosa da Cunha*, No. 26-104 (U.S. cert. granted Oct. 1, 2026).

In *Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), the Fifth Circuit held that noncitizens detained under § 1225(b)(2)(A) are not constitutionally entitled to individualized hearings on dangerousness or flight risk, and that continued or renewed detention does not violate due process so long as removal remains a viable prospect. The court left open whether detention may violate due process in other circumstances, such as when removal becomes only a remote possibility, removal proceedings are excessively delayed, the proceedings are used as a façade to detain for other reasons, there is a factual dispute over whether the noncitizen is an applicant for admission, or detention no longer serves its immigration purpose.

*Buenrostro-Mendez* governs any asserted statutory entitlement to bond, and *Sosnava Rodriguez* governs any asserted constitutional entitlement to an individualized hearing on dangerousness and flight risk. Both decisions bind this Court.

Accordingly, IT IS ORDERED that, within 14 days after service of this Order, Diaz-Cruz shall file a supplemental memorandum, not exceeding seven (7) pages,

addressing the effect, if any, of *Buenrostro-Mendez* and *Sosnava Rodriguez* on each of his claims and explaining why any claim remains viable. Diaz-Cruz shall separately identify any claim he maintains solely to preserve it for further review.

IT IS FURTHER ORDERED that Respondents may file a response, not exceeding seven (7) pages, within 7 days after the supplemental memorandum is filed.

SIGNED on Friday, November 20, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE